Lloyd Edwin **HUMPHREYS**, Plaintiff–Appellant,

v.

**UNITED STATES** of America, Defendant–Appellee.

No. 94–10785.

United States Court of Appeals, Fifth Circuit.

Aug. 15, 1995.

Rehearing Denied Oct. 9, 1995.

Lloyd E. Humphreys, Dallas, TX, pro se.

David English Carmack, Tax Div., Dept. of Justice, Gary R. Allen, Tax Div., Chief Dept. of Justice, John Nolet, Tax Div., Dept. of Justice, Washington, DC, for appellee.

Before WISDOM, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:

Lloyd Edwin Humphreys appeals, *pro se,* an adverse summary judgment concerning the Internal Revenue Service's jeopardy assessment of federal income taxes.[1] Because we lack appellate jurisdiction, the appeal is DISMISSED.

I.

On April 20, 1992, the IRS made a jeopardy assessment of federal income taxes against Humphreys for tax years 1981–1985, 1988, and 1989. The corresponding jeopardy assessment notice informed Humphreys of his right to seek administrative review of the assessment and, if still dissatisfied, to obtain judicial review of the reasonableness of the assessment and the appropriateness of the amount demanded, by filing suit in federal court. The notice advised that the district

---

1. Although *pro se,* Humphreys is an attorney. After being convicted in the United States District Court for the Northern District of Iowa for tax evasion, *see United States v. Humphreys,* 982 F.2d 254 (8th Cir.1992), *cert. denied,* —— U.S. ——, 114 S.Ct. 61, 126 L.Ed.2d 31 (1993), he states he was disbarred.

court would "make an early determination", that would be "final and not reviewable by any other court". That May 15, Humphreys requested the administrative review. Approximately three weeks later, by letter dated June 9, the IRS notified Humphreys that it had completed that review and had decided to sustain the jeopardy assessment.

In addition, the day before (June 8), the IRS sent Humphreys a statutory notice of deficiency. The notice informed him of the deficiencies determined under the jeopardy assessment procedure, and stated that, "[i]f you do not agree with our determination, you may, within 90 days from the date of mailing this letter ... file a petition with the United States Tax Court". The notice warned that the Tax Court "cannot consider your case if your petition is filed late".

Humphreys took the following action in response to the adverse administrative review of the jeopardy assessment and statutory notice of deficiency. On July 13, he filed this action in district court, seeking, *inter alia*, to have the jeopardy assessment set aside; but, he did not file a petition with the Tax Court within 90 days after receiving the statutory notice of deficiency.

In June 1994, nearly two years after Humphreys commenced this action, the district court granted the Government's motion for summary judgment, holding that Humphreys' request for judicial review of the jeopardy assessment had become moot because the 90–day period for seeking, in the Tax Court, redetermination of the deficiency had expired; and, in the alternative, that the jeopardy assessment was reasonable and appropriate.

## II.

We agree with the Government that we lack jurisdiction to review the district court's determination as to the reasonableness and appropriateness of the jeopardy assessment. In order to better understand why we so hold, it is well to first review the procedures governing the assessment and collection of deficiencies for income taxes.

Generally, the IRS must issue to the taxpayer a statutory notice of deficiency, pursu-

ant to 26 U.S.C. § 6212(a), prior to assessing and collecting the deficiency. The taxpayer may challenge the IRS's deficiency determination by filing a petition in the United States Tax Court within 90 days after the mailing of the statutory notice. 26 U.S.C. § 6213(a). During that 90–day period, the IRS cannot assess and collect the deficiency; moreover, if the taxpayer files a petition in Tax Court, the hold on assessment and collection continues until the Tax Court renders a final decision. 26 U.S.C. § 6213(a). On the other hand, if the taxpayer does not file a petition in the Tax Court, the assessment and collection restriction expires, and the deficiency "shall be assessed, and shall be paid upon notice and demand" from the IRS. 26 U.S.C. § 6213(c).

There is an exception, however, to the assessment and collection hold:

> If the Secretary believes that the assessment or collection of a deficiency ... will be jeopardized by delay, he shall ... immediately assess such deficiency ... and notice and demand shall be made by the Secretary for the payment thereof.

26 U.S.C. § 6861(a). *See* 26 U.S.C. § 6213(a).

A taxpayer against whom a jeopardy assessment has been made may seek administrative review of the reasonableness and appropriateness of the assessment by requesting it within 30 days after the day on which the taxpayer is furnished a written statement of the information upon which the IRS relies in making a jeopardy assessment. 26 U.S.C. § 7429(a)(2); *see also* 26 U.S.C. § 7429(a)(3). (Humphreys' jeopardy assessment was made on April 20, 1992; that May 15, he requested administrative review.) Following administrative review, the taxpayer may obtain expedited judicial review of the reasonableness of the IRS's determination that collection of the taxes would be jeopardized by delay and of the propriety of the amount assessed. 26 U.S.C. § 7429(b). (By letter dated June 9, 1992, Humphreys was advised of the adverse administrative ruling; he filed suit that July 13.) Within 20 days after the action is commenced, the district court shall determine whether the making of the assessment and the amount assessed are appropriate under

the circumstances. 26 U.S.C. § 7429(b)(3). The district court's determination is not reviewable by any other court. 26 U.S.C. § 7429(f).

■ The jurisdiction conferred by § 7429(b), however, does not authorize the district court to decide the correctness of the tax liability asserted by the IRS, and is not intended as a substitute for the earlier discussed provisions of § 6213, pursuant to which the taxpayer, in the Tax Court, can seek prepayment redetermination of the deficiency. *See* 26 U.S.C. § 7429(b)(2) and (3); *Vicknair v. United States,* 617 F.2d 1129, 1131 (5th Cir.1980).

■ In sum, the jeopardy assessment procedure permits the IRS to assess and demand payment of a deficiency immediately, notwithstanding § 6212(a)'s requirement that it first issue a statutory notice of deficiency, and § 6213's restriction on assessment and collection pending review by the Tax Court. 26 U.S.C. § 6861(a). The jeopardy assessment may be made prior to sending the statutory notice of deficiency to the taxpayer; but, if so, that statutory notice of deficiency must be sent within 60 days after the jeopardy assessment is made. 26 U.S.C. § 6861(b). (The statutory notice of deficiency was mailed to Humphreys on June 8, 1992.) Notwithstanding the jeopardy assessment, the taxpayer then has the normal 90 days after the mailing of the statutory notice of deficiency in which to file, in the Tax Court, a petition for redetermination of that deficiency. 26 U.S.C. § 6213(a). (Accordingly, Humphreys' 90 days lapsed in early September 1992; as noted, he did not file a petition.)

### A.

■ Section 7429(f) provides:

Any determination made by a district court under this section shall be final and conclusive and shall not be reviewed by any other court.

26 U.S.C. § 7429(f). Our court has held that the "clear" and "precise" language of this section prohibits our entertaining appeals seeking review of a district court's determination as to the reasonableness and appropri-

ateness of a jeopardy assessment. *Vicknair,* 617 F.2d at 1131.

### 1.

■ Section 7429(f)'s appellate review prohibition is not made inapplicable by the district court's failure to comply with § 7429(b)(3)'s requirement that it rule within 20 days after Humphreys commenced this action. Humphreys did not refer to § 7429 in his original complaint, and made no attempt to bring the 20-day requirement to the district court's attention. We agree with the Seventh Circuit that "the taxpayer must bear the responsibility of informing the district court of the statutory time constraint involved". *United States v. Doyle,* 660 F.2d 277, 280 (7th Cir.1981).

### 2.

■ Humphreys' assertion that the district court's failure to rule within 20 days deprived him of due process and equal protection, by denying him the opportunity to obtain further review by the Tax Court, is erroneous. The procedures for judicial review under § 7429 and § 6213 serve different purposes and are not mutually exclusive. Humphreys received the statutory notice of deficiency, as required by § 6861(b), by which he was informed of his right to seek redetermination of the deficiency in the Tax Court by filing a petition within 90 days, pursuant to 26 U.S.C. § 6213. That notice also informed him that the Tax Court could not review the deficiency if his petition was not filed within that period. By failing to file a petition in the Tax Court, Humphreys forfeited his opportunity to obtain review of the deficiency in that court. 26 U.S.C. § 6213(c). The district court's failure to comply with § 7429(b)(3)'s time limitation for ruling on Humphreys' action on the jeopardy assessment did not affect his right to seek redetermination of his tax liability in the Tax Court.

### B.

■ Section 7429(f) also precludes our reviewing Humphreys' contention that the district court should have conducted a hearing before ruling on the jeopardy assessment. In any .event, that issue is moot.

Because Humphreys did not file a petition for redetermination of the deficiency in the Tax Court within 90 days after the mailing of the notice of deficiency, the deficiency became assessable pursuant to 26 U.S.C. § 6213(c), irrespective of the jeopardy assessment procedures. At that point, the jeopardy assessment was, for all practical purposes, irrelevant.

#### C.

■ In his original complaint and in his appellate brief, Humphreys asserts that the district court had jurisdiction under 28 U.S.C. § 1346(a)(1), which confers jurisdiction over actions for tax refunds. The district court held that Humphreys had not satisfied the prerequisites for such jurisdiction, which include filing an administrative claim for a refund, pursuant to 26 U.S.C. § 7422, and making full payment of all tax liability. *See Flora v. United States,* 362 U.S. 145, 177, 80 S.Ct. 630, 647, 4 L.Ed.2d 623 (1960). We agree.

#### D.

In his amended complaint and in his appellate brief, Humphreys asserts three other bases for jurisdiction: 28 U.S.C. § 1346(f), 5 U.S.C. § 706, and 26 U.S.C. § 7429(b).[2] None of his contentions have merit.

#### 1.

■ Section 1346(f) confers jurisdiction for civil actions under 28 U.S.C. § 2409a to quiet title to an interest in real property in which the United States claims an interest other than a security interest or water rights. But, the IRS's interest in Humphreys' real property was in the nature of a security interest (there is no evidence that the United States had purchased the property); accordingly, Humphreys has no claim under § 2409a. Therefore, § 1346(f) does not provide jurisdiction. *See United States v. National Bank of Commerce,* 472 U.S. 713, 720–22, 105 S.Ct. 2919, 2924–25, 86 L.Ed.2d 565 (1985); *United States v. Whiting Pools,*

*Inc.,* 462 U.S. 198, 210–11, 103 S.Ct. 2309, 2316–17, 76 L.Ed.2d 515 (1983).

#### 2.

■ Because the Administrative Procedure Act, 5 U.S.C. §§ 701–706, does not provide a basis for review of a taxpayer's tax liability, 5 U.S.C. § 706 does not provide a jurisdictional basis for this action. *See Califano v. Sanders,* 430 U.S. 99, 107, 97 S.Ct. 980, 985, 51 L.Ed.2d 192 (1977) (APA does not afford an implied grant of subject matter jurisdiction permitting federal judicial review of agency action); *McCarty v. United States,* 929 F.2d 1085, 1088 (5th Cir.1991) (5 U.S.C. § 702's waiver of sovereign immunity does not provide a basis for jurisdiction over challenge to validity of federal tax lien).

#### 3.

■ As for the broad jurisdiction claimed under § 7429(b), district courts have jurisdiction, *inter alia,* over "any civil action against the United States provided in ... section 7429 of the Internal Revenue Code of 1986". 28 U.S.C. § 1346(e). Accordingly, the district court determined correctly that it had jurisdiction only to the extent provided for in § 7429(b)—to review whether the making of the assessment was reasonable and the amount assessed was appropriate. 26 U.S.C. § 7429(b)(3)(A).

#### E.

■ Finally, Humphreys' contention that the assessment of civil and criminal penalties for the same tax liability violates double jeopardy is not properly before us. Humphreys first raised this issue in district court in a motion for summary judgment filed on June 27, 1994, four days after final judgment was entered. The district court entered an amended final judgment on June 27, but that judgment does not indicate whether the court considered Humphreys' untimely double jeopardy challenge.

■ Even assuming that Humphreys properly raised this issue in district court, he

---

**2.** After the Government had filed a response to his complaint, Humphreys improperly filed an amended complaint without first receiving leave of court. *See* Fed.R.Civ.P. 15(a). In any event, we consider the jurisdictional grounds asserted by Humphreys in his amended complaint.

failed to assert any jurisdictional basis for it. Of course, the United States cannot be sued without its consent, "and the terms of its consent to be sued in any court define that court's jurisdiction". *See, e.g., United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941). It is well-settled that 28 U.S.C. § 1331 (which Humphreys has not asserted as a basis for jurisdiction), granting district courts jurisdiction over cases arising under the Constitution, is not a waiver of sovereign immunity. *See, e.g., Lonsdale v. United States,* 919 F.2d 1440, 1444 (10th Cir.1990). And, in any event, his double jeopardy challenge to the jeopardy assessment is barred by the Anti–Injunction Act, 26 U.S.C. § 7421(a), which provides, subject to certain exceptions (such as petitions in Tax Court for a redetermination of a proposed deficiency, and actions in district court under § 7429(b)), that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person". 26 U.S.C. § 7421(a).

### III.

In sum, 26 U.S.C. § 7429(b) was the only basis for the district court's jurisdiction over Humphreys' action. That section authorizes the district court only to determine the reasonableness of the assessment and the appropriateness of the amount of the assessment. 26 U.S.C. § 7429(b)(3)(A). And, pursuant to § 7429(f), that determination is not reviewable by this court. Accordingly, this appeal is

DISMISSED.