**Travis S. LOOFBOURROW, Plaintiff,**

v.

**COMMISSIONER OF INTERNAL REVENUE SERVICE, Defendant.**

**No. CIV.A. H–01–3060.**

United States District Court, S.D. Texas.

April 15, 2002.

Travis S. Loofbourrow, Houston, TX, Pro se.

Jonathan R. Williams, Asst. U.S. Atty., Dallas, TX, for Commissioner of Internal Revenue Service.

## MEMORANDUM AND ORDER

CRONE, United States Magistrate Judge.

Pending before the court is Defendant United States' Motion to Dismiss or for Summary Judgment (# 12). The United States, on behalf of the Commissioner of the Internal Revenue Service ("IRS"), seeks dismissal or summary judgment on Plaintiff Travis S. Loofbourrow's ("Loofbourrow") Petition for Reversal of Penalty Determination (# 1). Having reviewed the pending motion, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that dismissal and/or summary judgment is warranted.

### I. *Background*

On March 22, 2000, Loofbourrow, a mechanical engineer residing in Houston, Texas, filed his federal income tax return (Form 1040) for tax year 1999 claiming zero taxable wages. Along with the return, he submitted a Form W–2 from his employer, Air Liquide America Corp. ("Air Liquide"), reflecting that he had received $75,849 in wages during 1999. Loofbourrow also attached a document entitled "Asservation of Claimed Gross Income" to his tax return. In this document, Loofbourrow set forth his position that his wages did not constitute taxable income pursuant to 26 C.F.R. §§ 1.861 and 1.863. According to Loofbourrow, he did not have "gross income" as defined in 26 U.S.C. § 861 and its implementing regulations and, therefore, the "remuneration" paid to him by Air Liquide was "exempt income," free from taxation.

On April 24, 2000, the IRS notified Loofbourrow that it was proposing to assess a $500 penalty pursuant to 26 U.S.C. § 6702 for what it deemed frivolous arguments asserted in connection with his tax return and gave him thirty days in which to file a proper return. Instead of filing a revised return, Loofbourrow responded by letter dated April 25, 2000, advancing the same arguments he had previously asserted. Subsequently, on June 5, 2000, the IRS notified Loofbourrow that it had assessed the $500 penalty for filing a frivolous return.

Thereafter, Loofbourrow requested a collection due process hearing before the IRS Office of Appeals. On April 13, 2001, Appeals Officer Bob Sanders ("Sanders") requested that Loofbourrow, as a precursor to the hearing, submit a short statement explaining why he did not believe the assessed frivolous filing penalty was applicable. On April 18, 2001, Loofbourrow responded by letter contending, *inter alia*, that he should have been afforded an administrative hearing prior to the penalty assessment. He also explained his position that because his income was not derived from a "taxable source," it was excluded from the definition of "gross income" and constituted "exempt income" not subject to federal income taxation. Loofbourrow argued that the definition of "gross income" as well as the definition of "wages" refer to 26 U.S.C. § 911, which addresses the taxation of United States citizens living abroad. Loofbourrow maintained that because he was not living abroad during the taxable period, he had no remuneration includable in "gross income" under § 911 and that his remuneration did not constitute "wages." Loofbourrow asserted that the list of income that is not "exempt income" is foreign-earned income as defined in § 911, pointing out that the regulation makes no mention of United States sourced income "not" being exempt.

By letter dated June 1, 2001, Sanders notified Loofbourrow that his request for an adjustment of the penalty was denied because his explanation did not meet the requirements established by statutes and regulations for making an exception to the penalty. Specifically, Sanders found that Loofbourrow is a United States citizen who received United States "sourced" wages, which were subject to income tax under 26 U.S.C. § 61. Sanders advised Loofbourrow that having established his liability for the penalty, the next step available to him was a collection due process hearing, which could be conducted either in person or by telephone.

On July 12, 2001, Appeals Officer C. Jay Helm, Jr. ("Helm") notified Loofbourrow that a conference had been set for August 1, 2001, at 9:30 a.m. in the INS offices on South Gessner in Houston, Texas. After noting that Loofbourrow appeared to be relying on an incorrect interpretation of the Internal Revenue Code and applicable regulations and to be raising constitutional issues, Helm clarified that the only issue that would be considered at the hearing was whether the levy action was appropriate. He explained that the points to be discussed included Loofbourrow's ability to pay the penalty and if and when it was to be paid. Helm elaborated, "I will discuss any other argument relative to the frivolous return penalty if it is not based on the incorrect interpretation of the Code, Regulations and/or court cases or is constitutional in nature. The incorrect interpretation being W–2 wages are not taxable." He further cautioned, "If you raise any argument citing the inaccuracy of the Code, Regulations and court cases or any other constitutional issue, I will immediately end the conference and will proceed to issue a Determination Letter supporting the use of the levy to enforce compliance with the tax law. The above position is not negotiable."

By letter dated July 17, 2001, Loofbourrow replied to Helm's letter, disclaiming that he was taking the position that "wages" are not "taxable income" or that he was raising any constitutional issues. Loofbourrow explained, "What I have stated, Mr. Helm, is that the regulations under the IRC determined what constitutes a 'source' of income for purposes of the definition of 'gross income' and 'taxable income' relevant to the Federal income tax, and that the remuneration that I earned within the United States is excluded from any taxable sources within the United States by these same regulations. As far as 'wages' being considered as 'taxable income,' they are in some instances, but only if they are from a 'taxable source' listed within the law." The balance of the letter consists of a rambling, tortuous attempt to explain how certain regulations applying to foreign income exempted Loofbourrow's domestic wages from taxation.

Helm responded to Loofbourrow by letter dated July 20, 2001, noting that courts have defined income many times in the past and have uniformly found W–2 wages to be taxable income. Helm reiterated that the Appeals Office would "not entertain any further discussion of the issue" and that if Loofbourrow continued to reargue his position, he would immediately end the conference and proceed to issue a Determination Letter supporting the use of the levy to enforce compliance with the tax laws. Helm informed Loofbourrow that the letter he received via fax from Loofbourrow on July 18, 2000, "addresses issues which will not be discussed in the conference. I find your arguments to be without merit. I will not consider the frivolous argument you are raising." Helm further advised Loofbourrow that if he wished to argue the frivolous return penalty before the United States Tax Court, to notify him and he would issue a Determination Letter to allow him to do so. Finally, Helm repeated that the frivo-lous return penalty itself would not be addressed in the conference and that he would not reverse the decision of the Compliance section regarding the assessment of the penalty.

On August 9, 2001, the IRS, through Appeals Team Manager Judith Clark ("Clark"), issued Loofbourrow a "Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330." The notice contains the following Summary of Determination:

> While the levy is an intrusive means of collection of the penalty, it is the only means available to the Government to obtain compliance. The taxpayer is unwilling to concede his position and the issue has been previously litigated.
>
> It is determined the levy action proposed is warranted in this case.

Clark further notified Loofbourrow that if he wished to dispute the determination in court, he had thirty days in which to file a complaint in the appropriate United States District Court for a redetermination.

On September 7, 2001, Loofbourrow instituted this action. In his Petition for Reversal of Penalty Determination, Loofbourrow seeks review under 26 U.S.C. § 6330(d)(1)(B) of the IRS Office of Appeals' decision upholding the assessment of the $500 frivolous return penalty for tax year 1999. Although Loofbourrow named the Commissioner of the IRS as the Defendant, he failed to effectuate proper service; however, because this suit is in the nature of a tax refund action under 26 U.S.C. § 7422, the United States is the only proper party. *See* 26 U.S.C. § 7422(f).

## II. *Analysis*

### A. *Dismissal for Lack of Subject Matter Jurisdiction under Rule 12(b)(1)*

■ A motion to dismiss filed under Rule 12(b)(1) of the Federal Rules of Civil

Procedure challenges the subject matter jurisdiction of the federal district court. *See* FED. R. CIV. P. 12(b)(1). " 'A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.' " *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir.1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir.1996)). Federal courts are courts of limited jurisdiction and, absent jurisdiction conferred by statute or the Constitution, lack the power to adjudicate claims. *See Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir.1998); *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir.1996); *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir.1994). The burden of establishing federal jurisdiction rests on the party seeking to invoke it. *See Stockman*, 138 F.3d at 151; *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir.1995), *cert. denied*, 516 U.S. 1071, 116 S.Ct. 771, 133 L.Ed.2d 724 (1996); *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir.1984); *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.), *cert. denied*, 449 U.S. 953, 101 S.Ct. 358, 66 L.Ed.2d 217 (1980). Indeed, "there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury*, 85 F.3d at 248 (citing *Strain*, 742 F.2d at 889).

■ "In ruling on a motion to dismiss for lack of subject matter jurisdiction, a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir.), *cert. denied*, —— U.S. ——, 122 S.Ct. 1059, 151 L.Ed.2d 967 (2002); *accord Rob-*inson v. TCI/US West Communications Inc., 117 F.3d 900, 904 (5th Cir.1997); *McAllister v. FDIC*, 87 F.3d 762, 765 (5th Cir.1996); *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir.1996); *Ynclan v. Department of Air Force*, 943 F.2d 1388, 1390 (5th Cir.1991). Nevertheless, all uncontroverted allegations in the complaint must be accepted as true. *See Den Norske Stats Oljeselskap As*, 241 F.3d at 424; *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir.), *cert. denied*, 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981); *Cloud v. United States*, 126 F.Supp.2d 1012, 1017 (S.D.Tex.2000), *aff'd*, 281 F.3d 158 (5th Cir.2001). Thus, when examining a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), unlike a motion to dismiss under Rule 12(b)(6), the district court is entitled to consider disputed facts as well as undisputed facts in the record. *See Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir.1986); *Williamson*, 645 F.2d at 413; *Cloud*, 126 F.Supp.2d at 1017.

■ It is well settled that "a district court has broader power to decide its own right to hear the case than it has when the merits of the case are reached." *Williamson*, 645 F.2d at 413. "Jurisdictional issues are for the court—not a jury—to decide whether they hinge on legal or factual determinations." *Id.* To determine whether jurisdiction exists, the court will generally resolve any factual disputes from the pleadings and the affidavits submitted by the parties. *See Espinoza v. Missouri Pac. R.R. Co.*, 754 F.2d 1247, 1248 n. 1 (5th Cir.1985). The court may also conduct an evidentiary hearing and "may hear conflicting written and oral evidence and decide for itself the factual issues which determine jurisdiction." *Williamson*, 645 F.2d at 413; *see Menchaca*, 613 F.2d at 511–12. The court must always be mindful, however, of " ' "the first principle of

federal jurisdiction,' " which requires a federal court to dismiss an action whenever it appears that subject matter jurisdiction is lacking. *Stockman*, 138 F.3d at 151 (quoting *Veldhoen*, 35 F.3d at 225 (quoting HART & WECHSLER, THE FEDERAL COURTS AND THE FEDERAL SYSTEM 835 (2d ed.1973))).

▮ "Attacks on subject matter jurisdiction under FED. R. CIV. P. 12(b)(1) come in two forms: 'facial attacks' and 'factual attacks.' " *Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1260–61 (11th Cir.1997) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990)); *see Williamson*, 645 F.2d at 412; *Menchaca*, 613 F.2d at 511. " 'Facial attacks on the complaint "require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." ' " *Garcia*, 104 F.3d at 1261 (quoting *Lawrence*, 919 F.2d at 1529 (quoting *Menchaca*, 613 F.2d at 511)); *see Williamson*, 645 F.2d at 412. When a facial attack is involved, as with a motion under Rule 12(b)(6), "[a] motion under 12(b)(1) should be granted only if it appears that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Home Builders Ass'n of Miss., Inc.*, 143 F.3d at 1010 (citing *Benton v. United States*, 960 F.2d 19, 21 (5th Cir.1992)).

" ' 'Factual attacks,' on the other hand, challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.' " *Garcia*, 104 F.3d at 1261 (quoting *Lawrence*, 919 F.2d at 1529 (quoting *Menchaca*, 613 F.2d at 511)); *see Williamson*, 645 F.2d at 413. "On a factual attack of subject matter jurisdiction, a court's power to make findings of facts and to weigh the evidence depends on whether the factual attack on jurisdiction also implicates the merits of plaintiff's cause of action." *Garcia*, 104 F.3d at 1261 (citing *Lawrence*, 919 F.2d at 1529). If the facts necessary to sustain jurisdiction do not implicate the merits of the plaintiff's cause of action:

"[T]he trial court may proceed as it never could under 12(b)(6) or FED. R. CIV. P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."

*Id.* (quoting *Lawrence*, 919 F.2d at 1529 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977))).

The United States Code section pertinent to federal district court jurisdiction of tax recovery actions is 28 U.S.C. § 1346(a)(1), which provides in relevant part:

(a) The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:

(1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws;

28 U.S.C. § 1346(a)(1). While this passage appears to vest the court with jurisdiction

over disputed income tax matters, Loofbourrow's reliance on the statute is misplaced. Section 1346(a)(1) must be read in conjunction with other statutory provisions which impose additional requirements on a taxpayer seeking relief in federal district court. *See, e.g., United States v. Williams,* 514 U.S. 527, 532–34 & n. 7, 115 S.Ct. 1611, 131 L.Ed.2d 608 (1995); *United States v. Dalm,* 494 U.S. 596, 601, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990); *PALA, Inc. Employees Profit Sharing Plan & Trust Agreement v. United States,* 234 F.3d 873, 877 n. 8 (5th Cir.2000).

■ Under § 1346(a)(1), "[t]he United States has consented to be sued for taxes improperly assessed or collected, . . . but only if the plaintiff complies with the jurisdictional requirements set forth in 26 U.S.C. § 7422." *Brashear v. United States,* 138 F.Supp.2d 786, 789 (N.D.Tex. 2001). Section 7422(a) states in relevant part:

> No suit prior to filing claim for refund.—No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary . . . .

26 U.S.C. § 7422(a). Thus, a federal district court generally has no jurisdiction of the matter until the taxpayer has paid the taxes assessed in full and filed a claim for a refund. *See Brown v. United States,* 890 F.2d 1329, 1346 (5th Cir.1989); *Smith v. Booth,* 823 F.2d 94, 97 (5th Cir.1987); *Thomas v. United States,* 755 F.2d 728, 729 (9th Cir.1985). The Supreme Court has explicitly held that "§ 1346(a)(1), correctly construed, requires full payment of the assessment before an income tax refund suit can be maintained in a Federal District Court." *Flora v. United States,* 362 U.S. 145, 177, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960).

■ Therefore, 28 U.S.C. § 1346 "provides federal district courts with jurisdiction to review an IRS determination only in the context of a tax refund suit brought by a taxpayer who has fully paid the assessment." *Smith,* 823 F.2d at 97 (citing *Flora,* 362 U.S. at 177, 80 S.Ct. 630); *accord Pena v. United States,* 883 F.Supp. 154, 156–57 (S.D.Tex.1994), *aff'd,* 66 F.3d 320 (5th Cir.1995). Hence, if a taxpayer chooses not to seek relief in tax court, before bringing suit in federal district court, he must satisfy "the prerequisites for such jurisdiction, which include filing an administrative claim for a refund, pursuant to 26 U.S.C. § 7422, and making full payment of all tax liability." *Humphreys v. United States,* 62 F.3d 667, 672 (5th Cir.1995); *see Commissioner v. Lundy,* 516 U.S. 235, 251, 116 S.Ct. 647, 133 L.Ed.2d 611 (1996); *Gustin v. United States Internal Revenue Serv.,* 876 F.2d 485, 488 (5th Cir.1989); *Zernial v. United States,* 714 F.2d 431, 434 (5th Cir.1983). "Failure to file a claim for a refund deprives the court of subject matter jurisdiction." *Gustin,* 876 F.2d at 488 (citing *Zernial,* 714 F.2d at 434). Otherwise, "the taxpayer would be barred from the District Court by the *Flora* full payment rule." *Clark v. Campbell,* 501 F.2d 108, 125 (5th Cir.1974), *cert. denied,* 423 U.S. 1091, 96 S.Ct. 887, 47 L.Ed.2d 103 (1976).

In the case at bar, the record is devoid of any evidence that Loofbourrow has paid the penalty assessed or filed an administrative claim for a refund. Loofbourrow argues, however, that he may appeal the IRS Office of Appeals' decision upholding the assessment of the § 6702 frivolous return penalty under the procedures set forth in 26 U.S.C. § 6330(d)(1)(B). Section

6330 provides that a taxpayer receiving a Notice of Intent to Levy has thirty days in which to request an administrative collection due process ("CDP") hearing. On January 18, 2002, new regulations were codified outlining the CDP hearing process. These regulations apply to all levy actions commencing on or after January 19, 1999, and are thus applicable to this case. With regard to the issues that may be addressed at the hearing, the statute provides in pertinent part:

(2) Issues at hearing.—

(A) In general.—The person may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy, including—

(i) appropriate spousal defenses;

(ii) challenges to the appropriateness of collection actions; and

(iii) offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise.

(B) Underlying liability.—The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

26 U.S.C. § 6330(c)(2).

█ Hence, the validity of the underlying tax liability may be raised at the CDP hearing only if the taxpayer "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." 26 U.S.C. § 6330(c)(2)(B). An opportunity to dispute the liability includes "a prior opportunity for a conference with Appeals that was offered either before or after the assessment of the liability." 26 C.F.R. § 301.6330–1(e)(A–E2). The taxpayer may obtain judicial review of an adverse determination at the CDP hearing by appealing within thirty days of the decision to the Tax Court or to the district court in the event the Tax Court does not have jurisdiction of the underlying tax liability. *See* 26 U.S.C. § 6330(d)(1). The Tax Court has held that it is without jurisdiction to review frivolous return penalties assessed pursuant to 26 U.S.C. § 6702. *See Johnson v. Commissioner*, 117 T.C. 204, 206, 2001 WL 1521576 (2001); *Van Es v. Commissioner*, 115 T.C. 324, 329, 2000 WL 1520321 (2000). Thus, an appeal would lie to the district court if the validity of the penalty were properly raised at the CDP hearing. *See Sillavan v. United States*, No. 01CV803, 2002 WL 400804, at *2 (N.D.Ala. Jan.11, 2002); *Konkel v. Commissioner*, No. 6:00–CV–1026–ORL–31C, 2000 WL 1819417, at *3 (M.D.Fla. Nov.6, 2000); *MRCA Info. Servs. v. United States*, 145 F.Supp.2d 194, 198 (D.Conn. 2000).

█ It is well settled that "judicial review is limited to those issues *properly raised* during the collection due process hearing." *Konkel*, 2000 WL 1819417, at *3 (emphasis in original). Where the validity of the underlying tax assessment is not properly at issue before the court, but another issue within the scope of the administrative appeal process was raised and determined at the CDP hearing, the court reviews the administrative determination for an abuse of discretion. *See Sillavan*, 2002 WL 400804, at *3; *Konkel*, 2000 WL 1819417, at *3; *MRCA Info. Servs.*, 145 F.Supp.2d at 198–99; *see also Davis v. Commissioner*, 115 T.C. 35, 39, 2000 WL 1048515 (2000); *Goza v. Commissioner*, 114 T.C. 176, 180, 2000 WL 283864 (2000). If, however, the taxpayer had the opportunity to dispute the liability, and the assessment was upheld, the taxpayer must follow the claim for refund provisions set forth in

26 U.S.C. §§ 6532(a) and 7422 in order to proceed in district court.

In this instance, Loofbourrow does not claim that he failed to receive notice of the penalty. Moreover, he had the opportunity to dispute his liability when Sanders advised him by letter that he would review the penalty for "accuracy and applicability" prior to the CDP hearing. Sanders also requested a short statement from Loofbourrow outlining why he believed the assessed penalty was inapplicable. Soon thereafter, Loofbourrow responded by letter in which he contended that his return was not "frivolous" and that he should have received an examination hearing prior to the assessment of the penalty. He further asserted that his wages were not taxable because they did not derive from a "taxable source" under the Internal Revenue Code and were, in fact, "exempt income" pursuant to 26 C.F.R. § 1.861–8. Two months later, Sanders notified Loofbourrow that his request for penalty adjustment was denied. In his denial, Sanders explained that "[a]s a U.S. citizen you received U.S. sourced wages which are to be included in taxable income as per IRC 61. The use of forms 4852 and 8275 in an attempt to defeat a clearly correct W–2 is the reason for the penalty under IRC § 6702."

■ Loofbourrow also disputed his liability for the penalty in a detailed letter to Helm dated July 17, 2001, in which he again contended that his wages did not emanate from a taxable source within the United States and that they were exempt from taxation. Where, as here, a taxpayer receives statutory notice of deficiency for a tax liability and has an opportunity to dispute such tax liability at the administrative level, he may not subsequently raise a judicial challenge to the underlying liability pursuant to 26 U.S.C. § 6330(d)(1). *See Van Fossen v. Commissioner*, No. 00–70933, 4 Fed.Appx. 526, 526 (9th Cir. Feb.

23, 2001); *Wald v. United States*, No. 01–7507–CV, 2002 WL 442262, at *2–3 (S.D.Fla. Feb.12, 2002); *Sillavan*, 2002 WL 400804, at *3.

■ Contrary to Loofbourrow's assertions, there is no requirement that the taxpayer be afforded a face-to-face meeting. *See Konkel*, 2000 WL 1819417, at *4; *Katz v. Commissioner*, 115 T.C. 329, 337, 2000 WL 1520318 (2000); *Davis*, 115 T.C. at 41–42. Indeed, the regulations implementing the Internal Revenue Code describe the CDP hearing as "informal in nature and do not require the Appeals officer or employee and the taxpayer, or the taxpayer's representative, to hold a face-to-face meeting." 26 C.F.R. § 301.6330–1(d)(2)(A–D6). Instead, a "CDP hearing may, but is not required to, consist of face-to-face meeting, one or more written or oral communications between an Appeals officer or employee and the taxpayer or the taxpayer's representative, or some combination thereof." *Id.* In this case, the record is replete with numerous written communications between the appeals officers and Loofbourrow, which suffice for purposes of a CDP hearing. Furthermore, in view of the entrenched positions of the parties, a face-to-face conference would have been futile. *See Christopher v. Commissioner*, T.C. Memo. 2002–18, No. 2947–01, 2002 WL 71029 (U.S.Tax Ct. Jan.18, 2002).

■ A review of the record reveals that Loofbourrow's complaints at the administrative level and in this case focus solely on the taxability of his wages. Loofbourrow's challenge to the merits of his underlying tax liability, however, is not properly before the court. *See Van Fossen*, 4 Fed.Appx. at 526; *Wald*, 2002 WL 442262, at *2–3; *Konkel*, 2000 WL 1819417, at *3–4. Loofbourrow does not contest the appropriateness of a levy as a means of tax collection, nor has he pro-

posed any other collection alternatives. In fact, he raises no issues that are subject to judicial review at this juncture. To date, Loofbourrow has neither paid the frivolous return penalty nor filed a claim for a refund. Accordingly, the court lacks subject matter jurisdiction of Loofbourrow's claim relating to the taxability of his wages and resulting assessment of the frivolous return penalty.

### B. Dismissal for Failure to State a Claim Under Rule 12(b)(6)

A motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests only the formal sufficiency of the statement of a claim for relief. It is not a procedure for resolving contests about the facts or the merits of a case. In ruling on such a motion, the court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. See Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir.2000); Beanal v. Freeport–McMoran, Inc., 197 F.3d 161, 164 (5th Cir.1999); Brown v. Nationsbank Corp., 188 F.3d 579, 585 (5th Cir.1999), cert. denied, 530 U.S. 1274, 120 S.Ct. 2740, 147 L.Ed.2d 1004 (2000); Indest v. Freeman Decorating, Inc., 164 F.3d 258, 261 (5th Cir.1999); Jefferson v. Lead Indus. Ass'n, Inc., 106 F.3d 1245, 1250 (5th Cir.1997); Baker v. Putnal, 75 F.3d 190, 196 (5th Cir.1996). Generally, the court may not look beyond the four corners of the plaintiff's pleadings. See Indest, 164 F.3d at 261; Baker, 75 F.3d at 196; McCartney v. First City Bank, 970 F.2d 45, 47 (5th Cir.1992). The court may, however, consider matters that are outside the pleadings if those materials are matters of public record. See Davis v. Bayless, 70 F.3d 367, 372 n. 3 (5th Cir.1995);

Cinel v. Connick, 15 F.3d 1338, 1343 n. 6 (5th Cir.), cert. denied, 513 U.S. 868, 115 S.Ct. 189, 130 L.Ed.2d 122 (1994); see also 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d § 1357, at 299 (1990). The Fifth Circuit has also indicated that the court may consider documents attached to a motion to dismiss if they are referred to in the complaint and are central to the plaintiff's claim. See Collins, 224 F.3d at 498 (citing Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir.1993)).

" 'A motion to dismiss under rule 12(b)(6) 'is viewed with disfavor and is rarely granted.' " Collins, 224 F.3d at 498 (quoting Lowrey v. Texas A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir.1982), cert. denied, 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983))). The motion must be denied unless it appears to a certainty that the plaintiff can prove no set of facts that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Collins, 224 F.3d at 498; Brown, 188 F.3d at 585; Jefferson, 106 F.3d at 1250; Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir.1995). " 'The question therefore is whether, in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief.' " Shipp v. McMahon, 234 F.3d 907, 911 (5th Cir.2000), cert. denied, 532 U.S. 1052, 121 S.Ct. 2193, 149 L.Ed.2d 1024 (2001) (quoting 5A Charles A. Wright & Arthur R. Miller, supra, at 332–36); accord Collins, 224 F.3d at 498.

" 'In order to avoid dismissal for failure to state a claim, however, a plaintiff

must plead specific facts, not mere conclusory allegations.' " *Collins*, 224 F.3d at 498 (quoting *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994)). The court will "not accept as true conclusory allegations or unwarranted deductions of fact." *Id.* (quoting *Tuchman*, 14 F.3d at 1067). Thus, " 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.' " *Jefferson*, 106 F.3d at 1250 (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.1993)); *accord Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir.1995); *see Tuchman*, 14 F.3d at 1067. " '[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery ... or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial.' " *Campbell*, 43 F.3d at 975 (quoting 3 CHARLES A. WRIGHT, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 1216, at 156–59 (1990) (footnote omitted)). " '[A] statement of facts that merely creates a suspicion that the pleader might have a right of action' is insufficient." *Id.* (quoting 3 CHARLES A. WRIGHT, *supra*, at 163 (footnote omitted)). " 'Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief ....' " *Id.* (quoting 2A JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 12.07 [2.–5], at 12–91 (1995) (footnote omitted)). "The court is not required to 'conjure up unpled allegations or construe elaborately arcane scripts to' save a complaint." *Id.* (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988)).

◼ In any event, assuming, *arguendo*, that the court has subject matter jurisdiction of the case at bar, Loofbourrow's claim that his wages do not derive from a taxable source and are thereby exempt from federal income tax is subject to dismissal and/or summary judgment, as it is without factual or legal basis. *See, e.g., Christopher*, 2002 WL 71029 (rejecting claim that compensation for services does not constitute gross income because this item of income is not listed in Treasury regulation § 1.861–8(f)); *Williams v. Commissioner*, 114 T.C. 136, 138, 2000 WL 230343 (2000) (dismissing claim that income was not taxable because it was not from any of the sources listed in § 1.861–8 of the Treasury regulations as "reminiscent of tax protester rhetoric that has been universally rejected"); *Aiello v. Commissioner*, T.C. Memo. 1995–40, No. 16811–93, 1995 WL 33283 (U.S.Tax Ct. Jan.30, 1995) (rejecting claim that the only sources of income for purposes of § 61 are listed in § 861). Indeed, 26 U.S.C. § 1 imposes an income tax on the income of every individual who is a citizen or resident of the United States, and § 61 defines "gross income" as "all income from whatever source derived" including, but not limited to, compensation for services. *See* 26 U.S.C. §§ 1, 61(a)(1),(4). Section 861 specifically includes remuneration derived from "Personal services—Compensation for labor or personal services performed in the United States" as income from sources within the United States. 26 U.S.C. § 861(a)(3); *see Solomon v. Commissioner*, T.C. Memo 1993–509, No. 1084–93, 1993 WL 444615 (U.S.Tax Ct. Nov.3, 1993), *aff'd*, 42 F.3d 1391, 1994 WL 669516 (7th Cir.1994). Like the petitioner in *Solomon*, Loofbourrow's effort to " find some semantic technicality which will render him exempt from Federal income tax, which applies generally to all U.S. citizens and residents," is unavailing. *Id.* It is well settled that wages fall within the scope of 26 U.S.C. § 61 and are thus subject to federal income tax. *See Commissioner v. Kowalski*, 434 U.S. 77, 83, 98 S.Ct. 315, 54 L.Ed.2d 252 (1977) (wages are taxable income).

Here, Loofbourow ignores the statutory provisions of 26 U.S.C. §§ 1 and 61, arguing that his compensation does not constitute gross income because it is not an item of income listed in 26 C.F.R. § 1.861–8(f). Loofbourrow's argument, however, is misplaced and takes the regulations out of context. As noted by the Tax Court in *Christopher:*

> The rules of sections 861–865 have significance in determining whether income is considered from sources within or without the United States. The source rules do not exclude from U.S. taxation income earned by U.S. citizens from sources within the United States.

2002 WL 71029; *see also Great–West Life Assur. Co. v. United States,* 230 Ct.Cl. 477, 678 F.2d 180, 183 (1982) ("The determination of where income is derived or 'sourced' is generally of no moment to either United States citizens or United States corporations, for such persons are subject to tax under I.R.C. § 1 and I.R.C. § 11, respectively, on their worldwide income.").

In fact, Loofbourrow's contentions are akin to the assertions of "those persons who are attempting to avoid their fair share of the costs of the government that organizes the society in which they live." *United States v. Montgomery,* 778 F.2d 222, 224 (5th Cir.1985). Nevertheless, "courts are not powerless in these circumstances and are not required to expend judicial resources endlessly entertaining repetitive arguments. Nor are opposing parties required to bear the burden of meritless litigation." *Lonsdale v. United States,* 919 F.2d 1440, 1447–48 (10th Cir. 1990). Hence, this court shall not further "painstakingly address petitioner's assertions 'with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit.' " *Williams,* 114 T.C. at 139 (quoting *Crain v. Commissioner,* 737 F.2d 1417, 1418 (5th Cir.1984)) (holding that court is "not obliged to suffer in silence the filing of baseless, insupportable appeals presenting no colorable claims of error and designed only to delay, obstruct, or incapacitate the operations of the courts or any other governmental authority" through "a hodgepodge of unsupported assertions, irrelevant platitudes, and legalistic gibberish").

 In light of the abundance of authority regarding the taxability of wages earned in the United States by citizens of the United States such as Loofbourrow, the IRS did not abuse its discretion by assessing a frivolous return penalty against him. Therefore, dismissal, or, in the alternative, summary judgment is warranted in this action, as Loofbourrow has failed to present a claim that would entitle him to relief. There exist no outstanding issues of material fact, and the United States is entitled to judgment as a matter of law.

## III. *Conclusion*

Accordingly, the United States's Motion to Dismiss or for Summary Judgment is GRANTED, and Loofbourrow's Petition for Reversal of Penalty Determination is DENIED.

IT IS SO ORDERED.