Theron E. JOHNSON, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. Civ. S–02–2439 DAD.

United States District Court, E.D. California.

Sept. 24, 2003.

Theron E. Johnson, Sacramento, CA, pro se.

Traci L. Patterson, United States Department of Justice, Tax Division, Washington, DC, for defendant.

### ORDER

DROZD, United States Magistrate Judge.

This matter came before the court on February 28, 2003, for hearing on defendant's motion for summary judgment.[1] Plaintiff, proceeding pro se, appeared on his own behalf and filed opposition to the motion. Norma J. Schrock appeared on behalf of defendant. Having considered all written materials filed in connection with the motion, and after hearing oral argument, for the reasons explained below defendant's motion is granted.

### APPLICABLE LEGAL STANDARDS

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *see also Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Owens v. Local No. 169*, 971 F.2d 347, 355 (9th Cir.1992).

> The party moving for summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the moving party meets its initial responsi-

bility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *see also First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968); *Ruffin v. County of Los Angeles*, 607 F.2d 1276, 1280 (9th Cir.1979). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.1987).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Rule 56(c); *see also SEC v. Seaboard Corp.*, 677 F.2d 1301, 1305–06 (9th Cir.1982). The evidence of the opposing party is to be believed, *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, *Matsushita*, 475 U.S. at 587, 106 S.Ct. 1348 (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962) (per curiam)); *see also United States v. First Nat'l Bank of Circle*, 652 F.2d 882, 887 (9th Cir.1981). Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obli-

---

1. Defendant styled its motion as a motion to dismiss, or in the alternative for summary judgment. However, since defendant submitted materials outside plaintiff's complaint in support of its motion, the parties were noti-

fied by order filed January 28, 2003, that the court would treat defendant's motion as a motion for summary judgment. *See* Fed. R.Civ.P. 12(b); *In re Rothery*, 143 F.3d 546, 549 (9th Cir.1998).

gation to produce a factual predicate from which the inference may be drawn. *See Richards v. Nielsen Freight Lines,* 602 F.Supp. 1224, 1244–45 (E.D.Cal.1985), *aff'd,* 810 F.2d 898, 902 (9th Cir.1987).

## ANALYSIS

The basic facts of this tax case are undisputed. When plaintiff, a resident of the United States, initially filed his income tax return for 1997 he provided a W–2 Wage and Tax Statement indicating that he earned $79,737.68 from United Airlines, Inc. Plaintiff then filed an Amended U.S. Individual Income Tax Return, Form 1040X. On that amended return plaintiff claimed that he actually had no taxable income for 1997 and that he was due a refund in the amount of $10,555. In support of his position, plaintiff attached to his amended return a document titled "Asseveration of Claimed Gross Income," asserting that he did not have any taxable income for 1997 because his income did not constitute "gross income" under 26 U.S.C. § 61. Plaintiff asserted that his income was not gross income because it was not an item of income listed in 26 C.F.R. § 1.861–8(f), one of the United States Treasury regulations concerning whether an item of a taxpayer's gross income has its source within or outside the United States. In response to plaintiff's amended return, the Internal Revenue Service ("IRS") issued a notice of claim disallowance to plaintiff. Pursuant to 26 U.S.C. § 6702, the IRS also assessed a frivolous return penalty against plaintiff for the 1997 tax year.

Plaintiff initiated this action on November 7, 2002, by filing a "Claim for Refund," which the undersigned construed as a complaint. Plaintiff filed an amended complaint, styled as an "Amended Claim for Refund," on November 22, 2002. Liberally construed, plaintiff's amended complaint, like his "Asseveration of Claimed Gross Income" statement, alleges that he had no gross income for 1997 because his earnings were not an item of income listed in 26 C.F.R. § 1.861–8(f). Indeed, the "Asseveration of Claimed Gross Income" statement is attached to the amended complaint. Plaintiff's amended complaint prays for $10,555, the amount of the claimed refund, plus interest and costs of suit.

Defendant persuasively argues that plaintiff's action has no basis in law or fact and constitutes nothing more than a selective interpretation of statutes, regulations and case law. 26 U.S.C. § 1 imposes a tax on the income of every individual who is a citizen or resident of the United States. Taxable income is gross income minus allowable deductions. 26 U.S.C. § 63(a). "[G]ross income means all income from whatever source derived" and specifically includes "[c]ompensation for services." 26 U.S.C. § 61(a)(1). *See also Comm'r of Internal Revenue v. Schleier,* 515 U.S. 323, 327, 115 S.Ct. 2159, 132 L.Ed.2d 294 (1995)("Section 61(a) of the Internal Revenue Code provides a broad definition of 'gross income' .... We have repeatedly emphasized the 'sweeping scope' of this section and its statutory predecessors."); *Wilcox v. Comm'r of Internal Revenue,* 848 F.2d 1007, 1008 (9th Cir.1988) (stating that wages are taxable income); *Dillon v. United States,* 792 F.2d 849, 852 (9th Cir.1986)("Under Sections 1 and 61 of the Internal Revenue Code, federal income tax applies to 'every individual' and to 'all income from whatever source derived.' "). Further,

> The rules of [26 U.S.C.] sections 861–865 have significance in determining whether income is considered from sources within or without the United States. The source rules do not exclude from U.S. taxation income earned by U.S. citizens from sources within the United States.

*Loofbourrow v. Comm'r of Internal Revenue,* 208 F.Supp.2d 698, 710 (S.D.Tex.2002) (citations omitted). Accordingly, courts have rejected as frivolous plaintiff's assertions in both his amended complaint and his opposition to the pending motion that 26 U.S.C. §§ 861–865, and the related United States Treasury regulations, in any way define or limit the definition of gross income. *See, e.g., Loofbourrow,* 208 F.Supp.2d. at 710 ("Loofbourrow ignores the statutory provisions of 26 U.S.C. §§ 1 and 61, arguing that his compensation does not constitute gross income because it is not an item of income listed in 26 C.F.R. § 1.861–8(f). Loofbourrow's argument, however, is misplaced and takes the regulations out of context."); *United States v. Bell,* 238 F.Supp.2d 696, 700 (M.D.Pa. 2003)("Bell's U.S. Sources argument is nonsensical. It rests purely on semantics and takes the regulations promulgated under section 861 out of context."). Therefore, summary judgment is warranted in this case. There exists no genuine issue of material fact and the United States is entitled to judgment as a matter of law.

## CONCLUSION

Accordingly, defendant's motion for summary judgment is granted and this case is dismissed. The Clerk of the Court is directed to close the file.