# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2846

_____

| | | |
|---|---|---|
| Douglas Gunnink and Janet Gunnink, | * | |
| | * | |
| Appellants, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| United States Government, also known | * | District of Minnesota. |
| as United States of America; Internal | * | |
| Revenue Service; Department of the | * | [UNPUBLISHED] |
| Treasury, also known as United States | * | |
| Treasury; United States Department of | * | |
| Justice, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: November 4, 2009
Filed: December 14, 2009

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Douglas Gunnink and Janet Gunnink appeal the district court's[1] dismissal of their claims against the United States. After careful de novo review, see Schaaf v. Residential Funding Corp, 517 F.3d 544, 549 (8th Cir.) (standard of review for

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

dismissal for failure to state claim), cert. denied, 129 S. Ct. 222 (2008); LeMay v. U.S. Postal Serv., 450 F.3d 797, 799 (8th Cir. 2006) (standard of review for dismissal for lack of subject matter jurisdiction), we find no reversible error.  First, we conclude that the district court properly dismissed the claim that the Gunninks did not receive notice of their right to a collection due process hearing before the levies were issued. Cf. Geiselman v. United States, 961 F.2d 1, 6 (1st Cir. 1992) (per curiam) (Certificates of Assessments and Payments, which listed "First Notice" dates for each assessment, constituted presumptive proof that IRS gave notice of assessments and made demands for payment from taxpayer).  As for the remaining claims, we conclude that dismissal was proper for the reasons the district court stated.  See Humphreys v. United States, 62 F.3d 667, 671 (5th Cir. 1995) (per curiam) (jurisdiction conferred by 26 U.S.C. § 7429 does not authorize district court to decide correctness of tax liability asserted by IRS).

     Accordingly, we affirm.

_____