MRCA INFORMATION SERVICES,
Plaintiff

v.

UNITED STATES of America,
Defendant

No. CIV 3:99CV1360 AVC.

United States District Court,
D. Connecticut.

Aug. 1, 2000.

Martin l. McCann, Zeldes, Needle & Cooper, Bridgeport, CT, for Plaintiff.

Regina A. Long, U.S. Attorney's Office, Hartford, CT, John V. Cardone, U.S. Department of Justice Tax Division, Washington, DC, for Defendant.

## MEMORANDUM OF DECISION RE REVIEW OF INTERNAL REVENUE SERVICE'S DETERMINATION

COVELLO, Chief Judge.

This is an action for injunctive relief and review of an administrative appeals determination made by the Internal Revenue Service, ("IRS"), wherein the plaintiff seeks to restrain the government from levying upon the plaintiff's assets to pay an outstanding tax liability for one year from the date of judgment. It is brought pursuant to 26 U.S.C. § 6330,[1] which provides a taxpayer with the right to a Collection Due Process hearing ("CDP") before a levy may issue against any property. The plaintiff seeks judicial review of an Internal Revenue Appeals Officer's determination made at such a CDP hearing.

Pursuant to Federal Rule of Civil Procedure 56[2] the defendant, the United States of America, now moves for summary judgment on the plaintiff's claim for injunctive relief arguing that no material issues of fact exist and that the defendant is entitled to judgment as a matter of law. Although the defendant moves for summary judgment, the court shall construe the within motion as a motion for judgment, seeking affirmance of the IRS's determination.[3]

The issues presented are: 1) whether this court must review the Internal Revenue Appeals officer's determination using an abuse of discretion or a *de novo* standard of judicial review; 2) whether the IRS's determination was legally correct; and 3) whether the appeals officer that conducted the collection due process hearing was impartial.

For the reasons that follow, the court concludes that: 1) the court must review the Internal Revenue Appeals officer's determination using an abuse of discretion standard; 2) the IRS's determination was legally correct; and 3) the Internal Revenue Appeals officer was not impartial within the meaning of the statute.

Accordingly, the defendant's motion for judgment is DENIED and the matter is remanded to the IRS regional office of appeals for a new CDP hearing to be

---

**1.** 26 U.S.C. § 6330 states that: "The person may, within 30 days of a determination under this section, appeal such determination—(A) to the Tax Court (and the Tax Court shall have jurisdiction to hear such a matter); or (B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States."

**2.** Federal Rule Of Civil Procedure 56(b) provides that: "A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof."

**3.** "[A] motion for summary judgment under Rule 56 of the Federal Rules of Civil Proce-

dure ... makes no procedural sense when a district court is asked to undertake judicial review of agency action." *Lodge Tower Condominium Ass'n v. Lodge Properties, Inc.*, 880 F.Supp. 1370, 1374 (D.Colo.1995); *see also Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1579–80 (10th Cir.1994) (expressly disapproving the use of summary judgment procedure in cases where a court is reviewing an administrative action); *CDI Information Services, Inc. v. Reno*, 101 F.Supp.2d 546, 547 (E.D.Mich.2000) (construing the parties summary judgment memoranda as a motion and a cross-motion for judgment); *Orfanos v. Department of Health and Human Services*, 896 F.Supp. 23, 26 (D.D.C.1995).

conducted by an impartial officer consistent with this opinion.

## FACTS

Examination of the complaint, affidavits, pleadings, exhibits and the Local Rule 9 statements accompanying the motion for summary judgment, and the responses thereto, discloses the following undisputed material facts:

The plaintiff, MRCA Information Services, Inc. ("MRCA"), conducts market research for large companies. MRCA is incorporated in Delaware and has an office in Stamford, Connecticut. The defendant is the United States, acting through the IRS.

Between the years 1993 and 1998, the IRS assessed and attempted to collect from MRCA overdue payroll and employment taxes, penalties, and interest for several payroll quarters. Sometime before February 1997, MRCA entered into an installment agreement with the IRS, in an attempt to pay its overdue employment taxes. In February 1997, MRCA defaulted in the payments under this agreement. At that time, MRCA owed $855,000 in unpaid taxes, penalties and interest.

On March 14, 1997, the IRS assessed penalties against David Learner, the president and sole shareholder of MRCA, pursuant to 26 U.S.C. § 6672.[4] This assessment for unpaid payroll taxes was for the periods ending December 31, 1993; December 31, 1994; March 31, 1995; and September 30, 1996.

In August 1997, MRCA entered into a second installment agreement with the IRS. MRCA agreed to pay $9,500 per month and remain current on its employment taxes. At this time, MRCA owed $881,000 in unpaid taxes, penalties and interest.

MRCA made monthly payments for one year, but failed to pay the taxes accruing in the calendar year 1998. In July 1998, the IRS declared MRCA in default of the second installment agreement.

In 1998, the IRS notified Learner of its intent to file a federal tax lien on Learner's personal assets in order to obtain payment of the sums due. Learner filed an appeal from the notice with the IRS's regional office of appeals. The IRS assigned Matthew McLaughlin as the adjudication officer for Learner's appeal.[5] McLaughlin subsequently concluded that the IRS's proposed lien against Learner's assets was warranted.

In September and October of 1998, MRCA, acting through Learner, attempted to negotiate a new installment agreement. As a precondition to any new installment agreement, the IRS demanded that MRCA become current on its 1998 tax liability. Learner stated that MRCA could not become current on its 1998 tax liability, and the IRS rejected Learner's proposal to allow MRCA to continue in arrears.

In January 1999, the IRS sent a written notice to Learner. This notice summarized McLaughlin's decision to sustain the

---

**4.** 26 U.S.C. § 6672 states that: "Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account and pay for and pay over such tax... shall, in addition to other penalties imposed by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over."

**5.** 26 U.S.C. § 6320 provides a taxpayer with "notice and opportunity for hearing upon filing notice of lien." This title shall "apply to collection actions initiated after the date which is 180 days after the date of the enactment of this Act. [July 22, 1998]." The collection action against Learner began in 1997, prior to the enactment of this statute.

proposed IRS lien against Learner's personal assets.

On February 12, 1999, Louis Dellipoali, an IRS revenue officer, sent a notice to MRCA of the IRS's intent to levy upon the assets of MRCA in order to collect the delinquent amounts due pursuant to 26 U.S.C. § 6331.[6] This letter also informed MRCA that the IRS may take "[p]roperty, or rights to property, such as real estate, automobiles, business assets, bank accounts, wages, commissions, and other income" if MRCA did not "pay the amount [it] owed, make alternative arrangements to pay, or request appeals consideration within 30 days from the date of the letter." The notice also advised MRCA of its right to a hearing and appeal with respect to the levy.

On February 19, 1999, MRCA paid $125,000 to the IRS. This amount was almost half of MRCA's tax liability for 1998. Although MRCA proposed to pay the other half of its 1998 tax liability by March 31, 1999, no other payments were made.

On March 11, 1999, MRCA filed a request for a CDP hearing with the IRS's regional office in order to protest the IRS's proposed levy against MRCA's assets.

On June 9, 1999, Matthew McLaughlin, the appeals officer, conducted the CDP hearing requested by MRCA. At the time of the hearing, MRCA owed the government $1.3 million in employment taxes, penalties and interest.[7]

At the hearing, MRCA's representatives, Learner and one Michael Hay, challenged the appropriateness of the levy and proposed another installment agreement as an alternative to the levy. MRCA proposed to pay $10,000 per month after the fourth quarter of 1999. These payments would increase gradually over the course of six years until all debts were paid. Learner stated that MRCA was unable to post a bond or provide collateral to guarantee performance of this proposed agreement.

At the conclusion of the CDP hearing, McLaughlin prepared an appeals conference memorandum which summarized the facts of the case and his conclusions and recommendations. In his memorandum, McLaughlin concluded that MRCA's proposed installment agreement was inadequate because he was not convinced that MRCA could continue to make its current tax payments. The memorandum specifically noted that MRCA had "a long history of delinquency and broken promises" and that this history shows that "granting this taxpayer an installment agreement leads to an increase in its balance due, rather than a decrease, a situation contrary to the purpose of installment agreements." The memorandum also noted that McLaughlin was concerned that MRCA's taxes, penalties and interest would only increase with a new installment payment plan.

On June 24, 1999, Philip Tolisano, the associate chief of the IRS's regional office of appeals, sent MRCA a letter which summarized McLaughlin's conclusions. Tolisano informed MRCA that the appeals office

---

**6.** 26 U.S.C. § 6331 states: "If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the secretary to collect such tax ... by levy upon all property and rights to property ... belonging to such person or on which there is alien provided in this chapter for the payment of such a tax."

**7.** MRCA incurred unpaid tax liability for seven quarters. The ending dates for the tax quarters are: December 31, 1993; December 31, 1994; March 31, 1995; September 30, 1996; December 31, 1996; June 30, 1998; and September 30, 1998.

had rejected its proposed installment plan and had referred the matter back to revenue officer Dellipoali for collection action. This letter also summarized McLaughlin's appeals conference memorandum. It further informed MRCA of its right to file a complaint with the United States District Court for a redetermination pursuant to 26 U.S.C. § 6330(b).

On July 20, 1999, MRCA brought the present action seeking judicial review of the determination made by the IRS at the CDP hearing claiming that McLaughlin was not an impartial officer and that this court has the authority to enjoin the IRS from issuing a levy upon MRCA's assets.

On October 20, 1999, the defendant made a motion for judgment, seeking to affirm the IRS's determination made at the hearing.

## DISCUSSION

### I. Review of IRS Determination

#### A. Applicable Standard of Review

The defendant first argues that this court should review the IRS appeals officer's determination at the CDP hearing under an abuse of discretion standard. Specifically, the defendant argues that "[w]hen the amount of tax liability is not an issue in the CDP hearing, Congress intended that the Court will review the appeals determination under an 'abuse of discretion' standard."

The plaintiff responds that this court should review the IRS appeals officer's determination at the CDP hearing *de novo* because this court does not have before it the "whole record on which the agency acted." Specifically, the plaintiff responds that "the government has returned to the court an administrative record that simply can't support the drastic measures it proposes to take against MRCA."

Title 26 U.S.C. § 6330 provides a person with a right to judicial review of the determination made at the CDP hearing. This section states that:

"The person may, within 30 days of a determination under this section, appeal such determination—(A) to the Tax Court (and the Tax Court shall have jurisdiction to hear such a matter); or (B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States."

The statute is silent, however, with respect to the standard of review the reviewing court must use when reviewing the IRS's determination.

"[I]n cases where Congress has simply provided for [judicial] review, without setting forth the standards to be used or the procedures to be followed, [the Supreme Court] has held that consideration is to be confined to the administrative record and that no de novo proceeding may be held." *United States v. Carlo Bianchi and Co., Inc.*, 373 U.S. 709, 714, 83 S.Ct. 1409, 10 L.Ed.2d 652 (1963). Furthermore, where a court finds a "statute ambiguous on its face, [it should] seek guidance in the ... relevant legislative history, congressional purposes expressed ... and general principles respecting the proper allocation of judicial authority to review agency orders." *Florida Power and Light Co. v. Lorion*, 470 U.S. 729, 737, 105 S.Ct. 1598, 84 L.Ed.2d 643 (1985); *see also Herman v. RSR Security Services Ltd.*, 172 F.3d 132, 143 (2d Cir.1999) (following the Supreme Court's methodology of statutory analysis by focusing on the "traditional tools of statutory interpretation, looking at the language of the statute, examining its purpose and structure, and reviewing its legislative history."); *Ashland Chem., Inc. v. Barco, Inc.*, 123 F.3d 261, 266 (5th Cir.1997) ("Where a statute is silent or ambiguous as to an issue, we next look to the legislative

history for guidance as to the intent of the legislators.")

■ Here, the statute at issue is silent as to the standard of review the court must use in reviewing the IRS's determination. However, in the conference report accompanying the IRS Restructuring and Reform Act of 1998, H. Rep. No. 105–599 at 266 (1998), Congress made its intent clear with respect to the proper standard of review:

> The determination of the appeals officer may be appealed to the Tax Court or, where appropriate, the Federal district court. Where the validity of the tax liability was properly at issue in the hearing, and where the determination with regard to the tax liability is part of the appeal, no levy may take place during the pendency of the appeal. The amount of tax liability in such cases will be reviewed by the appropriate court on a de novo basis. Where the validity of the tax liability is not properly part of the appeal, the tax payer may challenge the determination of the appeals officer for an *abuse of discretion*. In such cases, the appeals officer's determination as to the appropriateness of the collection activity will be reviewed using an *abuse of discretion standard of review*.

*Id.* (emphasis added). In the instant case, the validity of the underlying tax liability is not at issue. Accordingly, the court concludes that an abuse of discretion standard of review is appropriate when a district court reviews a determination of an IRS appeals officer's determination pursuant to 26 U.S.C. § 6330.[8]

**B. *Review of Mclaughlin's Determination***

For judicial review of administrative appeals, the Second Circuit has held that a decision "would be an abuse of discretion if it were made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as an invidious discrimination against a particular race or group, or, ... on other considerations that Congress could not have intended to make relevant." *Wong Wing Hang v. Immigration and Naturalization Service,* 360 F.2d 715, 719 (2d Cir.1966).

"The task of [this] court, therefore, is not to determine whether in its own opinion ..." that an installment agreement would best serve both the interests of the IRS and MRCA, "but to determine whether there is an adequate basis in law for the [officer's] conclusion that it did not." *RCA Corp. v. United States of America,* 664 F.2d 881, 886 (2d Cir.1981).

In the instant case, MRCA had previously entered into two installment agreements with the IRS and it defaulted on both of them. At the CDP hearing, McLaughlin considered MRCA's third proposal for an installment agreement. However, Learner stated that MRCA was unable to make any sort of lump sum payment to the IRS to show its good faith with respect to carrying out the proposed installment agreement.

---

8. This standard of review is consistent with other statutes which permit judicial review of administrative decisions. For example, ·5 U.S.C. § 706 (Administrative Procedures Act) states that: "The reviewing court shall—(1) compel agency action unlawfully withheld or unreasonable delayed; and (2) hold unlawful and set aside agency action, findings and conclusions found to be—(A) arbitrary, capricious, *an abuse of discretion,* or otherwise not in accordance with the law ...." (emphasis added). Furthermore, this standard is consistent with decisions of the United States Tax Court, which have also looked to the conference report in determining the proper standard of review. *See Sego v. CIR,* 2000 WL 889754, 114 T.C. No. 37 (2000); *Goza v. CIR,* 2000 WL 283864, 114 T.C. No. 12 (2000).

In his appeals conference memorandum, McLaughlin offered an explanation for his decision to allow the IRS to proceed with the levy. This explanation was based on the MRCA's two prior defaults on prior installment agreements, the escalating amount of MRCA's tax liability, MRCA's inability to make a lump sum payment or become current on its 1998 taxes and the IRS's need to collect the now $1.3 million in unpaid taxes owed by MRCA.

■ McLaughlin's determination rejecting a third installment agreement plan based upon these predicate findings, does not, in this court's opinion, constitute an abuse of discretion.

## II. *The Impartiality of the Appeals Officer*

The defendant next argues that McLaughlin was an impartial officer within the meaning of 26 U.S.C. § 6330. Specifically, the defendant argues that "[t]he appeals officer had no prior involvement with the collection of the corporation's tax liability, and therefore, he is impartial within the meaning of the statute."

The plaintiff responds that McLaughlin was not an impartial officer because of his involvement in Learner's prior hearing. Specifically, the plaintiff argues that "Mr. McLaughlin presided over a 1998 appeal of David Learner relative to the Penalty As-

sessment—an appeal that is indirectly related to MRCA's appeal."

Title 26 U.S.C. § 6330 provides that "[t]he hearing under this subsection shall be conducted by an officer or employee who has had *no prior involvement* with respect to the unpaid tax ... before the first hearing ...." 26 U.S.C. § 6330 (emphasis added). The statute does not define the meaning of the term "prior involvement". However, the questions and answers following IRS Treasury Regulation § 301. 6330 –1T state that:

> Prior involvement by an employee or officer of Appeals includes participation or involvement in an Appeals hearing (other than a CDP hearing held under either section 6320 or section 6330) that the taxpayer may have had with respect to the tax and the tax period shown on the CDP notice.

The IRS assessed penalties against Learner, as the sole shareholder and president of MRCA pursuant to 26 U.S.C. § 6672 in the 1997.[9] When Learner failed to pay this penalty, the IRS proposed to place a lien against his personal assets. Learner appealed the lien and the IRS granted him a hearing. McLaughlin presided over this hearing. However, this was not a CDP hearing authorized by 26 U.S.C. § 6320, as this statute had not been enacted at the time of Learner's appeal.[10]

In the instant case, at issue is the determination made at MRCA's hearing regard-

---

9. "The Internal Revenue Code requires employers to withhold federal income and social security taxes from their employees' wages. An employer who fails to remit withheld sums to the government is liable for the taxes that should have been paid. To protect the government from losses sustained by employers' failure to remit withholding taxes, Congress enacted § 6672 of the Internal Revenue Code, which gives the IRS another source from which to collect unpaid taxes. This provision provides a mechanism for shifting the tax liability of the employer to each individual

responsible for payment." *Fiataruolo v. United States of America*, 8 F.3d 930, 937–38 (2d Cir.1993).

10. 26 U.S.C. § 6320 provides a taxpayer with "notice and opportunity for hearing upon filing notice of lien" and applies "to collection actions initiated after the date which is 180 days after the date of the enactment of this Act. [July 22, 1998]." The collection action against Learner began in 1997, prior to the enactment of this statute.

ing the IRS's proposed levy. This hearing was a CDP hearing pursuant to 26 U.S.C. § 6330, as the statute had been enacted by the legislature at the time of MRCA's appeal. McLaughlin also presided over this hearing.

It is not disputed that McLaughlin presided over both Learner's personal appeal with regard to the proposed IRS lien concerning his personal assets and MRCA's section 6330 appeal with regard to the proposed IRS levy on MRCA's assets. McLaughlin therefore, did have prior "involvement in an appeals hearing *other than a CDP hearing held under section 6320 or section 6330.*" The prior hearing was with "respect to the same unpaid tax" that was at issue in the section 6330 CDP hearing.

■ The court concludes, therefore, that McLaughlin was not an "impartial officer" within the meaning of 26 U.S.C. § 6330. Accordingly, the court remands the matter of the IRS's proposed levy against MRCA to the IRS's Regional Office of Appeals for a new CDP hearing conducted by an "impartial officer" within the meaning of IRS Treasury Regulation § 301.6330—1T.[11]

### CONCLUSION

For the foregoing reasons, the defendant's motion for judgment is DENIED. This matter is remanded to the IRS regional office of appeals for a new CDP

---

11. In his complaint, the plaintiff also seeks "[a]n injunction prohibiting and restraining the defendant United States for levying the assets of plaintiff MRCA for a period of one (1) year from the date of judgment." The defendant argues that this court may not provide the plaintiff injunctive relief beyond the scope of that provided by 26 U.S.C. § 6330, which "automatically provides plaintiff with a stay of IRS collection during the pendency of this court's review," because the Anti–Injunc-

hearing to be conducted by an impartial officer consistent with this opinion.

tion Act, 26 U.S.C. § 7421, prohibits such relief and the United States has not otherwise waived immunity from suit. Because the court is remanding this matter to the IRS for a new CDP hearing and the IRS must suspend, pursuant to section 6330(e), all levy actions "for the period during which [a CDP] hearing, and appeals therein, are pending," the court declines to address the plaintiff's request for injunctive relief.