In re Robert C. JOHNSON, Debtor.

Robert C. Johnson, Plaintiff,

v.

Commissioner of Internal Revenue Service, Department of Treasury, United States of America, Chief Judge, United States Tax Court, U.S. Courts, United States of America, and United States of America, Defendants.

Bankruptcy No. 92–75816–JW.
Adversary No. 03–80346–JW.

United States Bankruptcy Court,
D. South Carolina,
Columbia Division.

Aug. 28, 2003.

Rebeccah L. Bower, U.S. Department of Justice, Washington, DC, for Defendants.

## ORDER GRANTING MOTION TO DISMISS AND DENYING APPLICATION FOR DEFAULT

JOHN E. WAITES, Bankruptcy Judge.

THIS MATTER comes before the Court upon the named Defendants' Motion to Dismiss filed on July 9, 2003, and Plaintiff's Application for Default filed on July 14, 2003. The named Defendants filed a Motion to Dismiss for (1) lack of personal jurisdiction over the Commissioner of Internal Revenue, (2) immunity of the Chief Judge of the Tax Court from suit, and (3) *res judicata* as a bar to Plaintiff's complaint. Plaintiff filed an Application for Default, alleging that the named Defendants failed to plead or otherwise defend

as provided by the Federal Rules of Civil Procedure.

■ This Court lacks personal jurisdiction over the named Defendant, Commissioner of Internal Revenue. Plaintiff's Complaint improperly names the commissioner as a defendant, as Plaintiff has not complained that the Commissioner has acted improperly in the execution of his duties. Further, Plaintiff has not alleged any grounds on which personal jurisdiction exists over the Commissioner, and, absent evidence to the contrary, the United States is the real party in interest. *See Hawaii v. Gordon,* 373 U.S. 57, 58, 83 S.Ct. 1052, 10 L.Ed.2d 191 (1963); *Dugan v. Rank,* 372 U.S. 609, 620, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963); *Louisiana v. McAdoo,* 234 U.S. 627, 632, 34 S.Ct. 938, 58 L.Ed. 1506 (1914).

■ The Chief Judge of the United States Tax Court is dismissed from this action, as he is absolutely immune from suit. "As early as 1872, the Court recognized that it was 'a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Stump v. Sparkman,* 435 U.S. 349, 355, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (quoting *Bradley v. Fisher,* 13 Wall. 335, 351, 20 L.Ed. 646). It is for this reason that judicial officers are entitled to judicial immunity for conduct that is judicial in nature and not performed in clear absence of all jurisdiction. *Mireles v. Waco,* 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (citing

*Forrester v. White,* 484 U.S. 219, 227–29, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988); *Stump,* 435 U.S. 349 at 360, 98 S.Ct. 1099, 55 L.Ed.2d 331).

■ With respect to whether the conduct was judicial in nature, "relevant cases demonstrate that the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Stump,* 435 U.S. at 362, 98 S.Ct. 1099. Here, Plaintiff sues the Chief Judge of the United States Tax Court for allegedly conspiring and permitting the Tax Court case to continue despite Plaintiff's "pleadings admonishing violations" of federal law. Plaintiff does not specifically allege any wrongful act of the Chief Judge of the Tax Court, so, presumably, the Chief Judge is named as a Defendant in this case because of his role as a judicial officer overseeing administration of the United States Tax Court.[1] It is this type of judicial activity that is designed to be protected in order to maintain the integrity of the judicial system.

■ The second inquiry to be made in order to determine whether a judge is entitled to judicial immunity is "whether at the time he took the challenged action he had jurisdiction over the subject matter before him." *Id.* at 356, 98 S.Ct. 1099. When determining whether or not the judge is entitled to immunity, the scope of subject matter jurisdiction must be broadly construed. *Id.* Here, there is no question that the Tax Court had jurisdiction

---

1. Judge Carolyn P. Chiechi entered the October 18, 2002 Order of Dismissal dismissing Plaintiff's claim for lack of prosecution and determining that for the tax years 1981 and 1984 Plaintiff owed deficiencies in Federal income tax in the amounts of $491.00 and $21,063.00 respectively. Plaintiff did not name Judge Chiechi as a defendant in this case; he only named the "Chief Judge, United States Tax Court, U.S. Courts, United States of America."

over this matter. *See* 26 U.S.C. §§ 6212, 6213. Plaintiff filed a petition with the Tax Court within ninety (90) days of receipt of the Notice of Deficiency in order to seek a redetermination of income tax deficiencies and challenge a failure to file penalty asserted against him. Therefore, the court had jurisdiction over Plaintiff, and the Chief Judge of the Tax Court is entitled to judicial immunity.

As the Supreme Court noted in *Mitchell v. Forsyth*, a defendant who is entitled to absolute or qualified immunity enjoys "immunity from suit rather than a mere defense to liability." 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). Therefore, this adversary proceeding is dismissed with respect to the Chief Judge of the Tax Court.

 Finally, this action is dismissed because the claims presented have already been litigated in this Court in *Johnson v. Commissioner*, Adv. Proc. No. 02–80185, and, are therefore barred by the doctrine of *res judicata.* "There are three elements necessary to trigger claim preclusion by *res judicata:* (1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit based on the same cause of action." *Aliff v. Joy Mfg. Co.*, 914 F.2d 39, 42 (4th Cir.1990) (citing *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979)).

 With respect to the first element, in the original adversary proceeding filed by Plaintiff in this Court, Defendant's Motion for Summary Judgment was granted. *See Johnson v. Commissioner*, Adv. Proc. No. 02–80185. This Court held that the named Defendant did not violate the automatic stay or the discharge injunction by sending Plaintiff a Notice of Deficiency, and that Plaintiff did not have an action for damages under 26 U.S.C. § 7433. "For purposes of *res judicata,* a summary judgment has always been considered a final disposition on the merits." *Adkins v. Allstate Ins. Co.*, 729 F.2d 974, 976 (4th Cir.1984).

Next, the prior judgment resolved claims by the same parties or their privies. Although Plaintiff named the Commissioner of Internal Revenue as the Defendant in his original lawsuit, the United States, in fact, was the real party in interest. Similarly, although Plaintiff names several parties in the instant action, the United States is the only real party in interest. Therefore, the same parties, Plaintiff and the United States, have been involved in both civil actions.

Finally, Plaintiff's most recent suit is based on the same cause of action that his earlier suit was based upon. In his Complaint filed in the instant adversary proceeding, Plaintiff seeks a variety of remedies for alleged violations of the discharge injunction. This Court has already determined that the named Defendants did not violate the discharge injunction. Plaintiff has had the opportunity to litigate this matter, and will not be allowed to continue to file duplicative civil actions.

"The rule that a defendant's judgment acts as a bar to a second action on the same claim is based largely on the ground that fairness to the defendant, and sound judicial administration, require that at some point litigation over the particular controversy come to an end." *Restatement (Second) of Judgments § 19* (1982). This rationale for the rule of claim preclusion is especially relevant in the instant case where Plaintiff has had multiple opportunities to litigate both the amount and the dischargeability of his 1981 and 1984 income tax liabilities. The United States should not be forced to devote any additional resources defending against frivolous lawsuits involving Plaintiff's tax year 1981 and 1984 income tax liabilities.

■ With respect to Plaintiff's claim for abuse of process, this Court notes that, although it is not barred by the doctrine of *res judicata,* the claim should be dismissed without prejudice.[2] The essential elements of the tort of abuse of process are "first, an ulterior purpose, and second, a wilful act in the use of the process not proper in the regular conduct of the proceeding .... [I]t is the malicious misuse or perversion of the process for an end not lawfully warranted by it that constitutes the tort known as abuse of process." *Huggins v. Winn–Dixie Greenville, Inc.,* 249 S.C. 206, 153 S.E.2d 693, 694—95 (1967) (quoting Prosser, Handbook of the Law of Torts, 2d Ed., pp. 668—69). Here, the United States has made lawful attempts to collect taxes owed by Plaintiff. It has not used the judicial system in an improper way.

■ This Court denies Plaintiff's Application for Default because the named Defendants have complied with the Federal Rules of Civil Procedure. Fed.R.Civ.P. 55(a), as incorporated by Bankruptcy Rule 7055, allows for entry of default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" as provided by the Federal Rules of Civil Procedure. On July 9, 2003, within thirty-five days of the issuance of the Summons, the named defendants filed a Motion to Dismiss With Memorandum of Law (Docket No. 5). *See* Fed.R.Civ.P. 12(b); Bankr.R. 7012. Because the named Defendants filed a responsive pleading to plaintiff's Complaint in conformity with the Federal Rules of Civil Procedure, Plaintiff is not entitled to an entry of default.

For the reasons discussed above, it is therefore

**ORDERED** that Defendants' Motion to Dismiss is granted as the Court lacks personal jurisdiction over the Commissioner of Internal Revenue, the Chief Judge of the Tax Court is immune from suit, and Plaintiff's Complaint is barred by *res judicata.*

**IT IS FURTHER ORDERED** that Plaintiff's Application for Default is denied as the named Defendants filed a responsive pleading to Plaintiff's Complaint in conformity with the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that Plaintiff is barred from filing further motions or pleadings in the United States Bankruptcy Court for the District of South Carolina involving the dischargeability of Plaintiff's tax liabilities for tax years 1981 and 1984. The Clerk of Court is directed to bring all such motions or pleadings to the attention of the undersigned.

**AND IT IS SO ORDERED.**

---

2. This Court is dismissing this cause of action without prejudice as it may lack jurisdiction over whether there was an abuse of process.