# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1440
No. 03-2797

_____

| | | |
|---|---|---|
| Sergiy Sukhov; Olena Sukhova; | * | |
| Gleb Sukhov; Vlada Sukhova, | * | |
| | * | |
| Petitioners, | * | Petitions for Review of Orders |
| | * | of the Board of |
| v. | * | Immigration Appeals. |
| | * | |
| Alberto Gonzales, Attorney General of | * | |
| the United States of America, | * | |
| | * | |
| Respondent. | * | |

_____

Submitted: December 17, 2004
Filed: April 8, 2005

_____

Before WOLLMAN, MAGILL, and COLLOTON, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Sergiy Sukhov, Olena Sukhova, Gleb Sukhov and Vlada Sukhova (the Sukhovs) petition for review of the Board of Immigration Appeals's (BIA) denial of their motions to reopen and reconsider their application for asylum. They also petition for a rehearing by the panel of our court that dismissed for lack of jurisdiction an earlier petition for review. We deny the petition for review and deny the petition for rehearing.

**I.**

The Sukhovs entered the United States from the Ukraine on visitor visas in 1995. The Immigration and Naturalization Service (INS) initiated deportation hearings against them on March 5, 1997. The Sukhovs conceded that they were deportable and requested asylum, withholding of removal, and voluntary departure. The Immigration Judge (IJ) concluded that the Sukhovs failed to demonstrate past persecution or an objectively reasonable well-founded fear of future persecution and denied asylum and withholding of removal on April 27, 1998.

The BIA affirmed without opinion on November 26, 2002. The Sukhovs filed a petition for review of that decision on February 18, 2003. Because the petition was filed more than thirty days after the date of the BIA's final order of deportation, we dismissed for lack of jurisdiction. The Sukhovs filed a petition for panel rehearing.

Separately, the Sukhovs filed motions to reopen and reconsider with the BIA on February 24, 2003. Although the motion to reconsider was untimely, the BIA considered it on the merits after concluding that the Sukhovs' prior counsel had erroneously advised them that the BIA's deportation order was not an appealable order. The BIA denied both reopening and reconsideration. The Sukhovs timely filed this petition for review of the BIA's denial of their motions.[1]

**II.**

A petition for panel rehearing must state with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended. Fed. R. App. P. 40(a)(2). The Sukhovs have not asserted any error of law or fact in the prior panel's holding that it lacked jurisdiction over the untimely filed petition for review. In fact, the panel's holding was compelled by the statutory limits to our

---

[1]We granted the Sukhovs' motion to consolidate their petition for rehearing and their petition for review on July 14, 2003.

jurisdiction.  See Fed. R. App. P. 26(b)(2); Stone v. INS, 514 U.S. 386, 405 (1995) (statutory restrictions on time for seeking judicial review are "mandatory and jurisdictional" and are not subject to equitable tolling).  Accordingly, we deny the petition for rehearing.

## III.

The Sukhovs petition for review of the BIA's decision denying their motions to reopen and reconsider.[2]  A motion to reopen proceedings "shall state the new facts that will be proven at a hearing to be held if the motion is granted" and  "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing."  8 C.F.R. § 1003.2(c)(1).  A motion for reconsideration must give the BIA "a reason for changing its mind, something the tribunal has no reason to do if the motion merely republishes the reasons that had failed to convince the tribunal in the first place."  Strato v. Ashcroft, 388 F.3d 651, 655 (8th Cir. 2004) (quoting Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004)).

We review the BIA's denial of the motions for abuse of discretion.  See Feleke v. INS, 118 F.3d 594, 597-98 (8th Cir. 1997) (motion to reopen); Esenwah v. Ashcroft, 378 F.3d 763, 765 (8th Cir. 2004) (motion to reconsider).  The BIA abuses its discretion only when its decision "is without rational explanation, departs from established policies, invidiously discriminates against a particular race or group, or where the agency fails to consider all factors presented by the alien or distorts important aspects of the claim."  Feleke, 118 F.3d at 598.

---

[2]The Sukhovs also challenge the BIA's decision to apply its affirmance without opinion procedure to their case.  We have held that this discretionary decision by the BIA is not subject to judicial review.  See Ngure v. Ashcroft, 367 F.3d 975, 988 (8th Cir. 2004).

The Sukhovs' motion to reopen alleged the "new fact" of "the imminent filing of a work visa for Olena Sukhova." The BIA noted that Olena's employer had not filed a visa petition on her behalf and determined that "there is no basis for reopening on this basis." We conclude that the BIA did not abuse its discretion in denying the motion to reopen.

The Sukhovs' motion for reconsideration asserted that the BIA improperly applied a "clearly erroneous" standard of review to the IJ's factual determinations. Because the BIA affirmed without opinion, we have no direct evidence as to which standard of review the BIA applied. We presume, however, absent evidence to the contrary, that the BIA acted in accordance with the regulations in effect when it denied asylum. Accordingly, we conclude that the BIA did not abuse its discretion in rejecting the Sukhovs' claim that it had previously applied an incorrect standard of review to the IJ's factual determinations.

The Sukhovs also challenge in their motion for reconsideration the IJ's findings (adopted by the BIA in its affirmance without opinion) that they failed to establish persecution and that changed conditions in the Ukraine precluded a well-founded fear of future persecution. Although we review the BIA's denial of the reconsideration motion for abuse of discretion, we may consider the validity of the underlying asylum decision without exercising jurisdiction over that decision or considering it on the merits. See Esenwah, 378 F.3d at 765-66 (8th Cir. 2004); De Jimenez v. Ashcroft, 370 F.3d 783, 789 (8th Cir. 2004). Cf. Boudaguian v. Ashcroft, 376 F.3d 825, 827 (8th Cir. 2004) ("[W]e lack jurisdiction to review the BIA's initial order because the Boudaguians did not file a timely petition for review of that order."). To the extent that we consider the denial of asylum, we do so through the lens of whether the BIA abused its discretion in concluding that the Sukhovs' motion for reconsideration failed to provide the BIA with "a reason for changing its mind" that the denial of asylum was unwarranted.

Sergiy Sukhov alleged that he and his family had suffered persecution because of their Baptist faith. Specifically, Sergiy testified that: (1) he witnessed persecution of his father and other members of the Baptist church that they attended; (2) he was beaten up as a child by other children after a teacher made disparaging remarks about Baptists; (3) he was denied educational and professional opportunities; (4) he was beaten and harassed by military supervisors because of his religious beliefs; (5) he was beaten by two militia officers because of his religious beliefs; and (6) Gleb Sukhov was not evacuated following the Chernobyl disaster because evacuation tickets were "not for Baptist children." Sergiy asserted that some of this persecution has occurred since Ukrainian independence in 1991.

Although he found Sergiy's testimony generally credible, the IJ questioned the testimony regarding the beating by the militia officers. The IJ concluded that the remaining testimony described discrimination rather than persecution. The IJ also rejected Sergiy's contention that conditions in the Ukraine had not changed substantially since the collapse of the Soviet Union in 1991, and noted that "[t]he evidence of record from the State Department indicates that there have been significant changes since that time." The Sukhovs' motion for reconsideration provides no legal or factual reasons that discredit these findings.

We conclude that the BIA did not abuse its discretion in determining that the Sukhovs failed to undermine its earlier conclusion that asylum was unwarranted. The petition for review and the petition for rehearing are denied.

_____