**WALTER TRANSPORT, INC., Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 05–0529–CV–W–JTM.**

United States District Court, W.D. Missouri, Western Division.

April 14, 2006.

Benjamin Ryan Prell, Armstrong Teasdale LLP, Kansas City, MO, for Plaintiff.

Stephanie McClure Page, Department of Justice, Tax Division, Washington, DC, for Defendant.

## ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT

MAUGHMER, United States Magistrate Judge.

Plaintiff Walter Transport, Inc. ("Walter Transport") is a corporation that has been engaged in the trucking industry since 1984. In 2004, Walter Transport experienced business difficulties leading to its underpayment[1] of federal payroll taxes for the first and second quarters of 2004. Subsequently, on October 4, 2004, Walter Transport was served with a NOTICE OF INTENT TO LEVY by the Internal Revenue Service ("the IRS"). According to the NO-TICE, Warner Transport owed $73,751.43 in taxes, penalty and interest for unpaid federal payroll taxes for the first quarter of

2004 and $159,758.61 in taxes, penalty and interest for unpaid federal payroll taxes for the second quarter of 2004. The NO-TICE further provided (in compliance with federal law, 26 U.S.C. § 6330, and basic constitutional due process considerations) that Walter Transport was entitled to an administrative hearing with the IRS Settlement Office. On November 1, 2004, Warner Transport timely filed its REQUEST FOR A COLLECTION DUE PROCESS HEARING WITH APPEALS asserting that, in lieu of a levy, Warner Transport should be afforded time to obtain financing to permit it to make monthly installment payments to satisfy the tax deficiency.

26 U.S.C. § 6330, which provides for pre-levy notice and hearing as well as judicial review of the hearing's administrative determination, was added to the Internal Revenue Code by the IRS Restructuring and Reform Act of 1998, § 3401, 112 Stat. 685, 747–49. Pursuant to 26 U.S.C. § 6330(a), the IRS is required to give notice before imposing a levy that includes notice of the right to request an administrative hearing within the 30–day period before the levy is imposed. Moreover, "[i]f the person requests a hearing ..., such hearing shall be held by the Internal Revenue Service Office of Appeals." 26 U.S.C. § 6330(b)(1). The hearing must be conducted by "an officer or employee who has had no prior involvement" with the specified unpaid tax subject to the proposed levy. 26 U.S.C. § 6330(b)(3).

Under 26 U.S.C. § 6330(c)(1), the appeals officer must obtain verification from the IRS Operating Division that all requirements of law and administrative procedure have been met. In addition, at the hearing:

---

**1.** Warner Transport made deposits on the respective tax liabilities, but not enough to cover the entire obligation.

The [taxpayer] may raise [ ] any relevant issue relating to the unpaid tax or the proposed levy, including ... (i) appropriate spousal defenses; (ii) challenges to the appropriateness of collection actions; and (iii) offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise.

26 U.S.C. § 6330(c)(2)(A)(i)-(iii). Thereafter, the appeals officer makes a determination taking into consideration the tax liability verification, any evidence and argument presented by the taxpayer on the three issues set out above, and "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." 26 U.S.C. § 6330(c)(3)(A)-(C).

On February 16, 2005,[2] an Appeals Officer with the IRS, Gary D. Osterhaus ("the Appeals Officer"), conducted a telephonic hearing with Warner Transport and its legal counsel. At the hearing, the Appeals Officer verified that the tax had been properly assessed and that all legal requirements had been followed. Thereafter, Warner Transport proposed an installment payment plan to satisfy the deficiency in lieu of a levy. Specifically, Warner Transport suggested making monthly payments of a minimum of $10,000.00. In order to determine Warner Transport's ability to make these prosed installment payments, the Appeals Officer (who had previously obtained some financial information[3] from Warner Transport) then requested that the company provide a current profit and loss statement.

After receiving the requested additional documentation, the Appeals Officer determined that Warner Transport showed a year-end loss for 2004. In addition, the Appeals Officer reviewed IRS computer records reflected that Warner Transport's "failure to deposit" penalties for the fourth quarter of 2004 and that Warner Transport had not made timely tax deposits for the first quarter of 2005. Furthermore, IRS records demonstrated that Warner Transport had begun experiencing problems in making timely tax deposits as early as 1998. Ultimately, installment payment plans with respect to these earlier tax deposits were put in place. Due to late payment problems, the installment payment plans had to be reinstated on two occasions. Warner Transport contends, however, that it eventually satisfied the liability (including all interest and penalties).

On May 3, 2005, the Appeals Officer contacted Warner Transport's counsel and orally informed him the pending request for an installment payment plan was not being granted. The appeals Officer based the denial of the installment plan request on his conclusion that the business was not viable based on the financial statements, Warner Transport had previously shown a difficulty in making payments under a prior installment payment plan with the IRS, and Warner transport had other outstanding tax liabilities. On May 12, 2005, the IRS issued a formal written NOTICE OF DETERMINATION. In the Notice, the IRS reiterated the reasons for rejecting an installment payment plan:

> Your failure to make timely Federal Tax Deposits on the current payroll is an

---

**2.** Prior to the hearing, on December 30, 2004, Warner Transport paid in full the deficiency for the federal payroll taxes for the first quarter of 2004, consequently, the sole issue before the Appeals Officer (and the sole matter before this Court) was the tax liability for the

underpayment of federal payroll taxes for the second quarter of 2004.

**3.** Collection Information Statements and a 2004 balance sheet.

indicator that the business is not viable and the financial information provided does not show the ability to make the proposed payments. The Internal Revenue Service has been dealing with you in attempts to resolve tax matters since 1999 and it appears the situation is no different today than it was 5 years ago. The tax periods have changed but the underlying issues remain the same.

Consequently, the IRS, in part, concluded:

The Internal Revenue Service is charged with the duty to efficiently collect tax and is able to consider less intrusive collection actions with a viable proposal from the taxpayer. Although a Notice of levy is intrusive, since you presented no viable alternative for collection, the levy is the most efficient method of collection remaining. The proposed levy therefore balances the need for efficient collection with the taxpayer's legitimate concern that the collection action be no more intrusive than necessary.

Subsequently, Warner Transport has appealed the IRS determination to this Court, naming the United States as the party-defendant.[4]

Presently pending before the Court are the parties' respective motions for summary judgment, to wit: the United States' motion [Doc. 7], filed September 9, 2005, and Warner Transport's motion [Doc. 10], filed November 29, 2005. After careful consideration of the motions and the record submitted therewith, the Court grants the United States' motion and denies Warner Transport's motion.

The Court's disposition is driven in large measure by the standard of review. Where, as in this case, there is no dispute as to the underlying tax liability (either in substance or amount), a district court reviews the determination made by an appeals officer under an abuse of discretion standard. *Living Care Alternatives of Utica, Inc. v. United States*, 411 F.3d 621, 626 (6th Cir.2005).[5] Under this standard, administrative determinations are afforded considerable deference.

In providing for [Collection Due Process] hearings on what is ordinarily a scant record, Congress must have been contemplating a more deferential review of these tax appeals than of more formal agency decisions.

*Olsen v. United States*, 414 F.3d 144, 150 (1st Cir.2005) (*quoting, in part, Living Care Alternatives*, 411 F.3d at 631).

---

**4.** Limited judicial review in federal district court of such an administrative determination is permitted (when the Tax Court does not have jurisdiction of the underlying tax liability) if an appeal is filed within 30 days of the determination. 26 U.S.C. § 6330(d)(1)(A)-(B). Because the Tax Court does not have jurisdiction over payroll/employment tax liabilities, federal district court is the proper court in which to seek review in this case. *See, e.g., Reid & Reid, Inc. v. U.S.*, 366 F.Supp.2d 284, 287 (D.Md.2005); *Borges v. U.S.*, 317 F.Supp.2d 1276, 1281 (D.N.M. 2004). Moreover, the United States is the proper defendant. *See, e.g., In re Johnson*, 310 B.R. 290, 292 (Bkrtcy D.S.C.2003) (*citing Louisiana v. McAdoo*, 234 U.S. 627, 632, 34 S.Ct. 938, 940, 58 L.Ed. 1506 (1914)).

**5.** Although 26 U.S.C. § 6330(d) does not set forth the standard of review for a federal district court, the legislative history states that:

The determination of the appeal officer maybe appealed to the Tax Court or where appropriate, the Federal district court.... Where the validity of the tax liability is not properly part of the appeal, the taxpayer may challenge the determination of the appeals officer for an abuse of discretion. In such cases, the appeal officer's determination as to the appropriateness of the collection activity will be reviewed using an abuse of discretion standard of review.

H. CONF. REP. No. 105–599, 105th Cong., 2nd Sess., at 266 (1998), *reprinted in* 1998 U.S. CODE CONG. & ADMIN. NEWS 288.

■ Thus, in considering the decision reached by the Appeals Officer herein, the Court's task "is not to determine whether in its own opinion [an] an installment agreement would best serve both the interests of the IRS and [the taxpayer,] but to determine whether there is an adequate basis in law for the [appeal officer's] conclusion that it did not." *MRCA Information Services v. United States,* 145 F.Supp.2d 194, 199 (D.Conn.2000). An administrative agency typically only abuses its discretion when its decision "is without rational explanation, departs from established policies, invidiously discriminates against a particular race or group, or where the agency fails to consider all factors presented ... or distorts important aspects of the claim." *Sukhov v. Gonzales,* 403 F.3d 568, 570 (8th Cir.2005). In the respective motions for summary judgment, the United States argues that the determination made the Appeals Officer was properly grounded within his discretion while Warner Transport argues that it was not.[6]

■ With regard to the latter, Warner Transport specifically asserts that the Appeals Officer abused his discretion in that he "did not conduct a detailed analysis of [Warner Transport's] business activity," he "did not request anything more than the 2004 profit and loss statement," and he "did not suggest a different monthly payment amount for the proposed installment agreement." Even accepting as true the allegations made by Warner Transport, these facts do not establish that the Appeals Officer abused his discretion, nor do the allegations raise a jury question as to whether the discretion was abused.

On the other hand, there is considerable evidence supporting the conclusion that the Appeals Officer was acting within the bounds of his discretion. His decision to reject an installment payment plan was supported by rational and articulable objective and subjective considerations. As noted recently by another district court:

[T]his Court has determined, by a review of the record, that the appeals officer had several rational explanations for his determination to reject the proposed installment agreement that do not constitute unexplained departures from IRS policy and that are based on a review of the factual record. The appeals officer's decision is justifiable in light of the facts presented in the record that enumerate [the taxpayer's] poor financial situation, lack of compliance [with prior tax responsibilities] and lack of cooperation. Therefore, the appeal officer's action was justifiable.

*Dudley's Commercial and Industrial Coating, Inc. v. C.I.R.,* 292 F.Supp.2d 976, 990 (M.D.Tenn.2003). *See also MRCA Information Services,* 145 F.Supp.2d at 199 (no abuse of discretion in rejecting an install payment plan "based on the [taxpayer's] two prior defaults on prior installment agreements, the escalating amount of [the taxpayer's] tax liability, [the taxpayer's] inability to make a lump sum payment"). Under these facts and the proper standard for judicial review, the Court concludes that there are no genuine issues of material fact, that as a matter of law the Appeals Officer acted within discretion, and that summary judgment should be entered in favor of the United States and against Warner Transport.

**ORDERED** that the *Motion For Summary Judgment By Taxpayer Walter Transport, Inc.* filed November 29, 2005 (Doc. # 10) is **DENIED.** It is further

**ORDERED** that the *United States' Motion For Summary Judgment,* filed Sep-

---

**6.** As conceded by Warner Transport in its briefing with the Court, the "[r]ejection of [Warner Transport's] proposed installment agreement by [the] Appeals Officer ... is the sole issue in this action."

tember 20, 2005 (Doc. # 7) is **GRANTED.** Accordingly, judgment is entered against plaintiff Walter Transport, Inc. and on behalf of the United States of America.